(75 App.`Div. 418.)

## STERNBACH v. FRIEDMAN et al.

(Supreme Court, Appellate Division, First Department.   November 7, 1902.)

1. REFERENCE—PARTNERSHIP—ACCOUNTING.

Plaintiff and his partner having agreed to dissolve, it was stipulated that plaintiff should receive security for money which he had put in as capital, and also indemnity against liability for firm debts; and defendant was joined in a bond and mortgage therefor. In foreclosure, the court directed a reference to report on outstanding debts of the firm, and as to any payments by plaintiff by reason of partnership affairs, and as to certain credits to which defendant was entitled. *Held*, that the referee properly refused to consider the accounts of the partners and the drawings of money from the firm by partners; there being no set-off claimed, other than the credits referred to in the order.

2. SAME—EVIDENCE.

On the hearing before the referee, the defendant was entitled to introduce the record of the original trial, showing plaintiff's testimony as to the credits claimed and allowed.

3. MORTGAGES—FORECLOSURE—COSTS.

Where, in a suit to foreclose, defendant, who sought a reformation of the mortgage, was defeated in that claim, but successful in reducing the amount claimed, the costs should be divided.

Appeal from special term, New York county.

Bill by Morris Sternbach, administrator of Philip Sternbach, deceased, against Yette Friedman and Marcus Rosenthal. From a judgment entered on the report of a referee, plaintiff appeals. Modified and affirmed.

The plaintiff and one Marcus Rosenthal were copartners in business in January, 1896. A dissolution of that firm was in that month agreed upon. The plaintiff was to receive payment, or security for the payment, of $10,000 which he had put in as capital, and also indemnity against liability for debts of the copartnership. Mrs. Friedman was induced to make the mortgage sought to be foreclosed, and to join in the bond to which it was collateral, as security; but her contention is that it was only for the indebtedness of the firm to its creditors, and that the plaintiff's contribution to capital was to be, and was, paid by the relinquishment to the plaintiff of certain warehouse certificates, of the value of $10,000.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, and LAUGHLIN, JJ.

E. J. Myers, for appellant.
H. Nathan, for respondents.

VAN BRUNT, P. J. This is an appeal from a final judgment of foreclosure and sale of mortgaged premises in the city of New York. The rights of the parties were declared and settled· by this court on a former appeal. 34 App. Div. 534, 54 N. Y. Supp. 608. It was then held that the defendant Friedman was entitled to offset against her liability upon the bond to which the mortgage was collateral the value of certain whisky certificates, and that to the extent of the value of such certificates on the 27th day of May, 1896, she was exonerated from liability on or by virtue of the bond and mortgage. The mortgage was given by the defendant Friedman for indemnity

¶ 3. See Costs, vol. 13, Cent. Dig. §§ 272, 273, 274.

to Philip Sternbach, and the payment to him of $10,000 on the 29th of January, 1897, and for the prompt and punctual payment of the debts and liabilities of the firm of Rosenthal & Sternbach. It was directed by this court that the matter be referred to a referee to take proof and report to the court as to unpaid and outstanding debts, liabilities, and obligations of the firm of Rosenthal & Sternbach, of all and every kind, nature, and description whatsoever, and any and all sums of money which the plaintiff had been or may be compelled to pay, lay out, and expend by reason of the said copartnership affairs, and also to take proof and report to the court as to the value on the 27th day of May, 1896, of the said warehouse or whisky certificates, with the amount whereof the said defendant Yette Friedman is entitled to be credited on account of the amount due upon said bond and mortgage as aforesaid. The referee proceeded to discharge the duty devolved upon him, and made his report to the court, after which final judgment was entered conforming to the requirements of the decision of this court as rendered on the former appeal. There is nothing, therefore, requiring consideration at the present, but the exceptions taken to the report of the referee, and to certain rulings made by him in the progress of the proceeding before him.

It is claimed by the plaintiff (the appellant) that the referee misconstrued the purport of the order of reference, and incorrectly restricted the scope of the inquiry before him. It is urged that he should have considered the accounts of the partners of the firm of Rosenthal & Sternbach, and the drawings of money from the firm by the respective partners thereof. The referee did not err in his interpretation of the order. Nothing was referred to him, except to take proof and report the unpaid and outstanding debts and liabilities and obligations of the firm; and the value of the whisky certificates. As to the latter, there was no pretense that the defendant Friedman had any other security which could operate as an offset to the bond and mortgage. If there were other securities or indemnity in any other form to protect her against liability on the bond and mortgage, the facts should have been proven upon the trial.

Several exceptions are taken to rulings of the referee upon questions of evidence, but none of them presents a subject requiring consideration, unless it be one relating to the admission of part of the record of the original trial of the action at the special term. That record was produced, and from it counsel for the defendant offered to read from the evidence given by Philip Sternbach, the plaintiff. That was objected to on the ground that it was incompetent, irrelevant, and immaterial, and that the method pursued was not the proper way to authorize or justify the reading in evidence of parts of the printed case on appeal. The evidence of Philip Sternbach sought to be introduced by the defendant's counsel related to his valuation of the whisky certificates, and what he stated at the trial was evidence of an admission or declaration on his part as to the value of those certificates. It was the admission or declaration of a party to the action, and not of an independent witness on the question of value.

In the final judgment, as entered, the award of costs is improperly made. It directs that from the proceeds of sale of the mortgaged premises there shall be first paid to the attorneys for the defendant Yette Friedman the sum of $1,744.68, and costs and disbursements of the action, as adjusted by the clerk of the court, with interest from the date of judgment. The defendant Friedman should not recover all the costs of the action. The plaintiff was entitled to foreclose the mortgage for as much as was due thereon. The defendant did not succeed in avoiding the mortgage, but only in reducing it. Her original attitude in the action was that the mortgage should be reformed; that it did not embody the true agreement of the parties to it. In that claim she was defeated, but it was adjudged ultimately that she was entitled to have a reduction made of the amount for which the plaintiff sought to enforce it. The plaintiff should be allowed the costs of the foreclosure action up to and including the trial at the special term, and those costs should be deducted from the amount awarded to the defendant in the final judgment.

As thus modified, the judgment appealed from is affirmed. No costs of appeal. All concur.